UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| RICHARD MARTIN, derivatively on behalf of FISERV, INC., | Civil Action No.: 2:25-cv-01951-BHL |
| Plaintiff, | DERIVATIVE ACTION |
| v. | |
| FRANK J. BISIGNANO, MICHAEL P. LYONS, STEPHANIE E. COHEN, HENRIQUE DE CASTRO, HARRY F. DISIMONE, LANCE M. FRITZ, AJEI S. GOPAL, WAFAA MAMILLI, DOYLE R. SIMONS, KEVIN M. WARREN, AND CHARLOTTE B. YARKONI, | |
| Defendants, and | |
| FISERV, INC., | |
| Nominal Defendant. | |
| NATHAN C. SILVA, Derivatively on Behalf of FISERV, INC., | Civil Action No. 2:26-cv-00134-BHL |
| Plaintiff, | DERIVATIVE ACTION |
| v. | |
| FRANK J. BISIGNANO, ROBERT W. HAU, MIKE LYONS, KENNETH F. BEST, HENRIQUE DE CASTRO, STEPHANIE COHEN, HARRY F. DISIMONE, LANCE FRITZ, AJEI GOPAL, WAFAA MAMILLI, DOYLE R. SIMONS, KEVIN M. WARREN, CHARLOTTLE YARKONI, and HEIDI G. MILLER | |
| Defendants, and | |
| FISERV, INC., | |
| Nominal Defendant. | |

| | |
|---|---|
| GARY PETERSON, Derivatively on Behalf of FISERV, INC.,<br><br>     Plaintiff,<br> v.<br><br>MICHAEL P. LYONS, ROBERT W. HAU, KENNETH F. BEST, HENRIQUE DE CASTRO, WAFAA MAMILLI, CHARLOTTE YARKONI, LANCE M. FRITZ, AJEI S. GOPAL, STEPHANIE E. COHEN, FRANK BISIGNANO, DOYLE R. SIMONS, HEIDI G. MILLER, and KEVIN M. WARREN,<br><br>     Defendants,<br> and<br><br>FISERV, INC., a Wisconsin Corporation,<br><br>     Nominal Defendant. | Civil Action No.: 2:26-cv-00183-BHL<br><br>DERIVATIVE ACTION |

**MOTION TO CONSOLIDATE RELATED ACTIONS AND FOR ENTRY OF A CASE SCHEDULING ORDER**

Pursuant to Civil Local Rule 42 and Rule 42(a) of the Federal Rules of Civil Procedure, Plaintiff Richard Martin ("Martin") hereby moves this Court for an order (1) consolidating the above-captioned derivative actions for all purposes; and (2) setting a schedule for the submission of joint or competing proposals for leadership by plaintiffs' counsel.

Three virtually identical shareholder derivative actions have been filed in this District and are before this Court: *Martin v. Bisignano, et al.,* No. 2:25-cv-01951-BHL (the "*Martin* Action"), *Silva v. Bisignano, et al.,* No. 2:26-cv-00134-BHL (the "*Silva* Action"), and *Peterson v. Lyons, et al.,* No.: 2:26-cv-00183-BHL (the "*Peterson* Action").[1]

On December 10, 2025, Martin filed a shareholder derivative complaint on behalf of Fiserv, Inc. The complaint alleges that certain of Fiserv's current and former officers and directors breached their fiduciary duties and violated federal securities laws by issuing (and causing the Company to issue) materially false and misleading statements and omissions about Clover's growth—allegedly driven in significant part by forced migrations of Payeezy merchants that temporarily inflated reported metrics—while failing to disclose resulting merchant attrition and related risks, which in turn exposed Fiserv to substantial harm including stock-price declines, stock repurchases at allegedly inflated prices, insider sales, and follow-on securities litigation. On December 30, 2025, Martin filed a First Amended Complaint.

Then, on January 27, 2026, Plaintiff Nathan C. Silva ("Silva"), filed a shareholder derivative complaint on behalf of Fiserv, which contains the same or substantially similar allegations as the *Martin* Action. On February 3, 2026, Plaintiff Gary Peterson followed suit. By February 10, 2026, defendants in the *Martin* Action had returned executed waivers of service.

---

[1] Undersigned counsel are also aware of a related securities fraud class action lawsuit filed in this District: *Cypanga Sicav SIF v. Fiserv Inc., et al.,* No. 2:25-cv-01716.

Consolidation of the three derivative actions is appropriate here and well within the power of this Court's discretion. Federal Rule of Civil Procedure 42(a) provides that when actions, such as the above-captioned derivative actions here, "involve a common question of law or fact," the Court may "join for hearing or trial any or all matters at issue in the actions;" "consolidate the actions;" and "issue any other orders to avoid necessary cost or delay." Fed. R. Civ. P. 42(a).

A district court has discretion to consolidate related cases which involve common questions of fact and law "under the policy that considerations of judicial economy strongly favor simultaneous resolution of all claims growing out of one event." *Dollens v. Zionts*, No. 01-cv-5931, 2001 WL 1543524, at *2 (N.D. Ill. Dec. 4, 2001). Consolidation is favored as "the best means of avoiding wasteful overlap when related suits are pending in the same court." *Blair v. Equifax Check Servs., Inc.*, 181 F.3d 832, 839 (7th Cir. 1999). Indeed, consolidation is favored to such a degree this Court may consolidate actions "whether or not the parties want the cases consolidated." *Conn. Gen. Life Ins. Co. v. Sun Life Assurance Co. of Canada*, 210 F.3d 771, 774 (7th Cir. 2000).

Consolidation is appropriate here. Each of the three actions is a shareholder derivative suit brought on behalf of the same nominal defendant, Fiserv, Inc., against overlapping sets of the same current and former Fiserv officers and directors. All three actions arise from the same alleged course of misconduct concerning the forced migration of Payeezy merchants to Clover, the resulting unsustainable Clover revenue and GPV growth, and Defendants' failure to disclose associated merchant attrition and related risks, which allegedly caused the same harm to Fiserv. All three cases allege the same corporate governance failures at Fiserv, resulting in billions of dollars of stock repurchases at artificially inflated prices by the Company, massive insider trading, and exposure to securities class action liability, among other harms. *See*, *Martin* Action ¶¶1–8, 64–68, 79, 90–93; *Peterson* Action ¶¶1–10, 101–108, 111; *Silva* Action ¶¶1–8, 121–130, 131.

Martin further proposes that, following consolidation, the Court direct all plaintiffs' counsel to meet and confer and, within 10 days of the consolidation order, submit either a joint proposal or competing proposals regarding leadership structure for the consolidated action.

WHEREFORE, for the foregoing reasons, Richard Martin respectfully requests the Court enter an order: (1) consolidating the above-captioned derivative actions; and (2) adopting the schedule proposed herein for determination on the consolidated cases' leadership.

Respectfully submitted,

Dated: February XX, 2026

MALLERY SC

By: *s/*_____
Andrew G. Frank
731 North Jackson Street, Suite 900
Milwaukee, Wisconsin 53202
Tel: (414) 271-2424
Fax: (414) 271-8678
Email: afrank@mallerysc.com

*Local Counsel for Plaintiff Richard Martin*

THE SCHALL LAW FIRM
Brian J. Schall
Andrew J. Brown
Adam L. Rosen
2049 Century Park East, Suite 2460
Los Angeles, CA 90067
Telephone: (310) 301-3335
Facsimile: (213) 519-5876
brian@schallfirm.com
andrew@schallfirm.com
adam@schallfirm.com

*Counsel for Plaintiff Richard Martin*